Mr. Justice Scott delivered the opinion of the Court. It was correctly remarked, in the case of Pile Ex parte, (4 Eng. 337,) that “the legal effect of a judgment on sci fa., (to revive a judgment,) when the judgment remained without process or satisfaction, is to remove the presumption of payment arising from lapse of time, (and) that it adds nothing to the validity of the judgment, but simply leaves it as it was when rendered.” Keeping this principle in view, the question involved in this case is of easy solution: and that is, whether or not a judgment against three, all of whom are alive and jointly liable, may be revived, against two only by entering a discontinuance as to one who was not served with process, and be thus prepared for execution. The object of a proceeding by sci. fa. to revive a judgment is not to obtain a new judgment for the debt, but to procure execution of the judgment that has already been obtained. By the ancient common law, before the statute 13 Edw. 1, ch. 45, which authorized sci. fa. in such cases, if a plaintiff obtained judgment in any personal action, and remained quiet without taking out execution of any description within the year, he could not do so afterwards, but he was driven to his action of debt upon the j udgment if he had in fact never received the amount: in which action the defendant might have an opportunity of proving that he had discharged it if he had really done so. (2 Inst. 369. Carth. 30.) The failure to issue his execution did not have the effect of satisfying the judgment, but only compelled him to assert his demand by a new action founded upon the judgment itself. But by means of this statute he could obtain execution of his original judgment without such action of debt, if it appeared in the proceeding authorized by it that his judgment had not been satisfied. > Now, the well settled rules of law touching the issuance of executions make it indispensable that they be issued in the name of the plaintiff or plaintiffs in the action, however many there may be, against all the defendants, where all the parties are in being. For if several have recovered, the payment of the debt or damages should be to them all: and if the recovery is' from several, both the plaintiffs and the defendants have an interest that all should be joined; besides which the law requires that all the proceedings should harmonize, and that the whole record should be consistent with itself. If, then, execution were permitted for one or more of several plaintiffs against one or more of several defendants, these principles would be grossly violated. It would follow, then, that a judgment against three defendants, when all are in being and liable, if in a condition from lapse of time not to be executed until revived by sci. fa., the legal effect of a revivor being as we have laid down, would be, when revived as to. two only, in no better condition to be executed than before such revivor, because if, in such case, the execution was issued against the two, it would fail to follow the judgment and would be liable to be quashed for irregularity. This would not be so, however, if one of the defendants was dead or discharged subsequently by bankruptcy, or if a feme sole plaintiff or defendant had become covert, or in other' like cases and a new party in consequence had been, in a proceeding by sci. fa., introduced upon or taken off the record. Nor, according to the English practice, in case of death of one when there were several parties, if a mere suggestion upon the roll had been entered of such death (upon the ground that in such case the defendant might quash the execution if the suggestion was actually false.) Tidd's Pr. 1028. Seldon 578. Ld. Raym. 808. But it would seem to be impossible that a mere discontinuance as to a party to whom the sci. fa. had not been made known, unless it appeared that he was dead or had been discharged by some subsequent personal matter of which the other defendants could not take advantage, could thus make the record harmonize and consistent with itself; because the judgment being joint and being an entire thing, it must be executed for and against all parties in being, who are not taken from the record (being dead or discharged) in the manner indicated. It would seem clear, therefore, when a party plaintiff proceeds by sci. fa. to remove the bar to the execution of his judgment interposed by lapse oí time, that it is indispensable that he remove it as to all who are jointly liable, else he will fall short of his object. And so are all the authorities cited by the learned counsel with his usual industry., touching the point. (Morgan McAfee vs. Robert Patterson, &c., 2 Smedes & Mar. 593. Coleman vs. Edwards, 2 Bibb 595. Williams vs. Fowler, 3 Mon. 317, Morton vs. Croghan, 20 John. 107.) And equally clear that our statute authorizing discontinuances as to joint defendants not served with process in time, (Dig. 804, sec. 48,) cannot apply to this proceeding, as it would be felo de se if it did. On the contrary, the ample provision made by the statute of judgments and decrees (Dig. 622, 623, sec. 10, 11, 12,) for constructive notice by publication in a proceeding by sci. fa. to revive the judgment lien, is some indication that such an application of the statute of “ Discontinuances ” was never contemplated by the Legislature. As a necessary consequence, the discontinuance as to the defendant to whom the sci. fa. was not made known, was, in legal effect, a discontinuance as to all the defendants. (See the cases above cited, and the authorities therein referred to.) And, as the other two defendants objected at the time, and rested upon the overruling of their objection, the statute of “Jeofails” and “ Amendments” (Dig. 814, 815, 816) cannot cure the error. The judgment of the Circuit Court must be, therefore, reversed, and the cause remanded to be proceeded with.